# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE K. GRIFFIN, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, 　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　)<br>CAROLYN W. COLVIN, 　　　　　　　　　　)<br>Acting Commissioner of the Social 　　　　　)<br>Security Administration,[1] 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. 　　　　　　　　　　) | Case No. CIV-12-91-SPS |

## OPINION AND ORDER

The claimant Janice K. Griffin requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 24, 1958, and she was fifty-one years old at the time of the administrative hearing. She earned her GED and has past relevant work as an inspector (Tr. 36, 48). The claimant initially alleged that she has been unable to work since July 30, 2007, but her onset date was amended to February 14, 2009 at the administrative hearing (Tr. 36). The claimant alleges she is unable to work because of hepatitis C, a heart attack, arthritis in her knees, and asthma (Tr. 144).

## Procedural History

On February 11, 2009, the claimant applied for disabled widows benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Michael A. Kirkpatrick conducted a hearing and determined that the claimant was not disabled in a decision dated August 2, 2010. The Appeals Council denied review, so the opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had severe impairments (hypertension, asthma, chronic obstructive pulmonary disease, hypothyroidism, hyperlipidemia, and hepatitis C) but retained the residual functional capacity ("RFC") to perform work light work as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b). The ALJ concluded that the claimant could return to her past relevant work of inspector. Thus, the ALJ found that she was not disabled (Tr. 25).

### Review

The claimant contends that the ALJ erred: (i) by failing to find that the claimant had additional severe limitations at step two; (ii) by failing to properly analyze her RFC at step four; and (iii) by failing to pose proper hypotheticals to the vocational expert. The Court finds the claimant's second contention persuasive.

State examining physician Dr. Mohammed Quadeer, M.D. evaluated the claimant on March 26, 2009. The claimant reported a history of shortness of breath, COPD, fatigue, weakness, nervousness, memory problems, a history of suicidal ideation, and low back pain (Tr. 239). The claimant used a cane for ambulation, and Dr. Quadeer observed diminished bilateral breath sounds and weak heel-toe walking (Tr. 240). Range of motion in all joints was normal (Tr. 242-45).

State reviewing physician Dr. Janet Rogers, M.D. completed a Physical Residual Functional Capacity Assessment on April 14, 2009 (Tr. 267-74). Dr. Rogers opined that claimant was capable of occasionally lifting up to 20 pounds, frequently lifting up to 10

pounds, standing/walking at least two hours in an eight-hour workday, and sitting at least six hours in an eight-hour workday (Tr. 268).

Following Dr. Roger's RFC Assessment, Dr. Thurma Fiegel, M.D. wrote that the agency needed "to know why [the] cane [is] used and what speed, stability, and safety of gait are with and without [the] cane since [Dr. Roger's assessment] is decisional." (Tr. 276). Here, Dr. Fiegel was referring to the fact that Dr. Roger's assessment required a finding of disability according to the grids considering claimant's age (approaching advanced age) and extremely limited work history. 20 C.F.R., pt. 404, subpt. P, app.2, § 201.00(g) ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work an dhave no transferable skills, a finding of disabled ordinarily obtains.").

Following Dr. Fiegel's note, the claimant was evaluated by state examining physician Dr. Jimmie W. Taylor, M.D. Upon examination, Dr. Taylor found that claimant's back was stiff with some decrease in range of motion and noted that while the claimant stated that she uses her cane all the time, her gait was wide based and stable with no assistive device (Tr. 278). However, Dr. Taylor also noted that she had a weak heel, toe, and tandem walk and a positive straight leg raise test (Tr. 278, 280).

State reviewing physician Dr. Thurma Fiegel then completed a Physical Residual Functional Capacity Assessment on August 14, 2009 (Tr. 284-91). Dr. Fiegel's findings were consistent with light work, *i. e.*, claimant could occasionally lift up to 20 pounds,

frequently lift up to 10 pounds, stand/walk and sit for six hours in an eight-hour workday (Tr. 285).  Dr. Fiegel wrote that there was "no evidence of any disease process that would limit [the claimant's] gait" (Tr. 285-86).

The claimant argues that the ALJ failed to properly analyze the claimant's RFC at step four.  Residual functional capacity is defined by the Social Security Regulations as what a claimant is capable of doing despite his mental and physical limitations.  *Davidson v. Secretary of Health & Human Services*, 912 F.2d 1246, 1253 (10th Cir. 1990).  RFC categories have been established based on the physical demands of various kinds of work in the national economy.  20 C.F.R. § 404.1567.  RFC is a medical assessment based primarily on medical findings such as symptoms, signs, and laboratory results.  Additionally, medical and non-medical sources also must be considered in determining the RFC.  20 C.F.R. § 404.1545(a).  When analyzing a claimant's RFC, Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists."  1996 WL 374180, at *4.  These opinions are to be treated as medical opinions from non-examining sources.  *Id*. at *2.  Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision.  *Id*.  *See also Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii).

In this case, the ALJ mentioned, but failed to properly analyze the opinions of state examining physicians Dr. Quadeer and Dr. Taylor.  More specifically, the ALJ failed to indicate how their findings that the claimant had weak heel-toe walking, weak tandem gait, and a positive straight leg raise test would impact the claimant's ability to stand and walk for six hours in an eight-hour workday.  The ALJ did not reject any part of either opinion and failed to reconcile those opinions (and the opinion of state reviewing physician Dr. Janet Rodgers, who found that claimant could stand/walk for only two hours in an eight-hour workday) with the opinion of state reviewing physician Dr. Thurma Fiegel, on which the ALJ relied.  *Confere v. Astrue*, 235 Fed. Appx. 701, 703 (10th Cir. 2007) ("The ALJ mentions Dr. Heinbecker's assessment during his discussion of the evidence . . . but he does not state that he is rejecting any part of it and gives no indication as to why he would disregard [that part of] Dr. Heinbecker's conclusion that [was inconsistent with the ALJ's RFC determination]. . . .  The ALJ could not have accepted and incorporated the opinions of the state agency physicians into his RFC because his RFC directly conflicts with [their] assessment.") [unpublished opinion].  This was particularly important for the ALJ to do, as the claimant could be considered disabled under 20 C.F.R., pt. 404, subpt. P, app.2, § 201.00(g). ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work.  When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains.").

In addition, the ALJ inexplicably found that the claimant's severe impairments of COPD and asthma had no impact on the claimant's RFC at step four. *Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding "the ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion].  A severe impairment, by definition, significantly impacts a claimant's ability to work,  20 C.F.R. §§ 404.1521, 416.921, and the claimant was restricted from exposure to high environmental temperatures for periods in excess of two hours as an inmate.  The ALJ should have provided a proper analysis of claimant's severe impairments of COPD and asthma and how those impairments impacted the claimant's ability to perform substantial gainful activity. *Givens v. Astrue*, 251 Fed. Appx. 561, 566 (10th Cir. 2007) (noting that without proper explanation the ALJ erred when he "concluded at step two of the analysis that Ms. Givens' depression constituted a severe impairment [and] [t]hat impairment had disappeared from his analysis . . . by the time he reached step five.") [unpublished opinion].

Because the ALJ failed to properly analyze the medical evidence of record as explained *supra*, the decision of the Commissioner is reversed and the case remanded to the ALJ for further analysis.  If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

The Court finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge finds that the decision of the ALJ is REVERSED and REMANDED.

**DATED** this 29th day of March, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma